UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ARTURO VILLARREAL, )
 )
    Petitioner, ) Civil No. 10-128-GFVT
 )
v. )
 )
ERIC D. WILSON, Warden, ) **MEMORANDUM OPINION**
 ) **& ORDER**
    Respondent. )

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Petitioner Arturo Villarreal, who is confined in the United States Penitentiary-McCreary located in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2.] Villarreal has paid the $5.00 filing fee [R. 5], and the matter is ripe for disposition.[1]

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 Fed. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

---

[1] As Villarreal has paid the filing fee, his motion to proceed *in forma pauperis* [R. 3] will be denied as moot.

Villarreal challenges his federal conviction, alleging that it violates his right to due process of law guaranteed under the Fifth Amendment to the United States Constitution. Because Villarreal has not demonstrated that his available remedy under 28 U.S.C. § 2255 is inadequate and ineffective to challenge his federal conviction and sentence, his § 2241 petition will be denied and this proceeding will be dismissed.

I.

Villarreal challenges his federal criminal conviction and sentence on two grounds. First, he alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Villarreal alleges that his counsel was ineffective in numerous respects. For example, he claims that his counsel: (1) failed to adequately and properly prepare for trial; (2) failed to file a motion for change of venue; (3) failed to seek a continuance; (4) failed to file proper pretrial motions, such as motions to dismiss, motions in limine, and motions seeking discovery; (5) failed to develop a defense strategy; (6) failed to follow Villarreal's advice on numerous issues; (7) failed to subpeoana necessary witnesses; (8) failed to engage a handwriting expert; (9) failed to present certain lay and expert testimony at trial; (10) failed to challenge the issuance of a superceding indictment; (11) failed to object to the introduction of inadmissible evidence and the testimony of certain government witnesses; and (12) failed to object to improper comments made by the Assistant United States' Attorney ("AUSA").

Second, Villarreal alleges that the AUSA engaged in a series of improper and prejudicial actions during the course of his criminal trial. Villarreal claims that the AUSA's actions deprived him of his right to due process of law in violation of the Fifth Amendment to the United States Constitution.

## II.

Villarreal was charged in the United States District Court for the Western District of Texas, Waco Division, with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one) and with conspiracy to launder money in violation of 18 U.S.C. § 1956(g) (count two). *See United States v. Villarreal*, 6:95-CR-00007 (W.D. Tex.) ("the Trial Court").

On August 10, 1999, a second superseding indictment was returned that amended count one by expanding the dates of the conspiratorial agreement and specifying that the conspiracy involved in excess of 1,000 kilograms of marijuana. Villarreal pleaded not guilty. His trial began on September 13, 1999, and a jury found Villarreal guilty as charged. On October 6, 2000, the Trial Court sentenced Villarreal to: (1) a term of life imprisonment without release for his conviction on count one; (2) a concurrent term of 240 months of imprisonment for his conviction on count two; and (3) ten years of supervised release.[2] Villarreal was also ordered to pay a $10,000 fine and $200 in mandatory assessments.

Villareal appealed. On September 7, 2001, the Fifth Circuit affirmed Villareal's conviction in an unpublished decision. *See United States v. Villarreal*, 273 F.3d 1096 (5th Cir. 2001). On March 4, 2002, the United States Supreme Court denied Villarreal's petition for writ of certiorari. *See Villarreal v. United States*, 535 U.S. 910 (2002).

On March 5, 2003, Villareal filed a motion in the Trial Court to vacate his sentence under

---

[2] The Trial Court record does not indicate the reason for the lapse in time between the jury verdict rendered on September 14, 1999, and Villarreal's sentencing, which did not transpire until a year later, in October of 2000.

28 U.S.C. § 2255. *See* Trial Court Docket ("TCD"), No. 1189. In September of 2004, the Trial Court denied that motion. TCD, No. 1208.[3] Villarreal appealed and requested a certificate of appealability to challenge the denial of his § 2255 motion, *id.* at Nos. 1213 and 1214, but the Fifth Circuit Court of Appeals denied Villarreal's motion for a certificate of appealability. *Id.* at No. 1219.

On March 20, 2009, Villareal filed a motion under Federal Rule of Civil Procedure 15 to amend his § 2255 motion and add two new claims. TCD, No. 1226. He argued that the challenges he presented in his Rule 15 motion were meritorious and related back to the claims he asserted in his § 2255 motion. *Id*. The Trial Court denied the motion. *Id*. at No. 1227. Villareal again appealed. *Id.* at No. 1228. On February 11, 2010, the Fifth Circuit denied Villarreal's motion for a certificate of appealability, finding that he had failed to make a substantial showing that he had been denied a constitutional right in relation to any of his claims. TCD, No. 1237. Villarreal filed the instant § 2241 petition in this Court on April 26, 2010.

## III.

Villarreal fails to state claims cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner generally may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for

---

[3] The Court is unable to view this Order via the Public Access to Court Electronic Records ("PACER") website, as it appears that the Trial Court did not convert to electronic filing until November 1, 2004.

4

relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. Villarreal cannot make this showing. The Trial Court record reveals that in his first § 2255 motion, Villarreal challenged the sufficiency of his counsel's performance during his criminal proceeding; that in 2009, under the guise of a motion to amend, he again attempted to challenge his conviction on Sixth Amendment grounds; that both of these efforts were unsuccessful; and that the Fifth Circuit Court of Appeals has twice determined that Villarreal failed to make a substantial showing of the denial of a constitutional right in relation to any of his Fifth and/or Sixth Amendment claims. The Sixth Amendment/ineffective-assistance-of-counsel claims and the Fifth Amendment claims challenging the alleged improper actions of the prosecutor which Villarreal raises in this § 2241 proceeding are the same claims he raised in his §

2255 motion and in his attempted successive § 2225 motion in the Trial Court.[4]

The § 2255 remedy is not rendered inadequate or ineffective where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because a prisoner, like Villarreal, presented his claims in a prior post-conviction motion under § 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id*. at 758.

Furthermore, Villarreal does not make a showing of actual innocence. The Sixth Circuit

---

[4]

In its August 9, 2005 Order denying Villarreal's first request for a certificate of appealability, the Fifth Circuit summarized the claims Villareal asserted in his § 2255 motion as follows:

. . . .
> Villarreal requests a COA on his claims that his superceding indictments were untimely, that the prosecutor engaged in misconduct in relation to the indictments and his theory of the case, and that counsel rendered ineffective assistance of counsel for failing to challenge the indictments and the prosecutor's misconduct. Villarreal also argues that the district court erred by declining to hold an evidentiary hearing on the merits of his § 2255 motion, by denying his motion for discovery, and by not properly considering all of the claims raised in his § 2255 motion. He requests that this court consider new evidence and a new claim pertaining to whether he was prosecuted on the proper indictment. Villarreal also moves this court for permission to examine sealed documents.
>
> Villarreal has failed to make a substantial showing of the denial of a constitutional right in relation to any of his claims. Accordingly, his COA motion is DENIED.

*See* TCD, No. 1219, p. 2.

has interpreted § 2241 as permitting relief, in lieu of relief under § 2255, when the individual can make a showing of actual innocence. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Villarreal makes no such showing, arguing instead only that his trial counsel was ineffective for various reasons, and that the AUSA engaged in allegedly improper and prejudicial conduct.

Based on the foregoing discussion, Villarreal's § 2241 petition will be denied, and this proceeding will be dismissed with prejudice.

**IV.**

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Arturo Villarreal's motion to proceed *in forma pauperis* [R. 3] is **DENIED as moot**.

(2) Villarreal's petition for writ of habeas corpus [R. 2] is **DENIED**.

(3) This action is **DISMISSED** and **STRICKEN** from the active docket.

(4) Judgment shall be entered contemporaneously with this Order in favor of Eric Wilson, the named Respondent.

This the 11th day of June, 2010.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge